J. I. CASE THRESHING MACHINE CO., RESPONDENT, *v.* HAMILTON ET AL., APPELLANTS.

(No. 3,942.)

(Submitted September 18, 1918.   Decided November 12, 1918.)

[176 Pac. 152.]

*Promissory Notes—Commissions—Burden of Proof—Presumptions—New Trial—Discretion.*

Commissions—Payment—Burden of Proof.
  1.  Where commissions on sales of machinery were claimed under a dealer's contract which provided that commissions were not to become due and payable until the purchase price should have been paid, the burden was upon the party claiming them to show payment.
    [As to right of agent for sale of goods to commission where purchaser rejects goods or fails to pay, see note in **Ann. Cas.** 1915B, 169.]

Promissory Notes—Presumptions.
>    2.   Where defendant gave his promissory notes to plaintiff at a time
>    when, as alleged in his counterclaim, the latter was indebted to him
>    in a substantial sum, defendant had the burden of rebutting the pre-
>    sumption that they would not have been executed if plaintiff had
>    been indebted to him.

New Trial—Discretion.
>    3.   *Held,* that the trial court was not guilty of abuse of discretion
>    in granting a new trial for insufficiency of the evidence to justify a
>    verdict.

*Appeal from District Court, Fergus County; Roy E. Ayers, Judge.*

ACTION by the J. I. Case Threshing Machine Company against R. E. Hamilton and another. From an order granting plaintiff's motion for new trial, defendants appeal. Affirmed.

*Mr. Chas. J. Marshall* and *Mr. E. K. Cheadle,* for Appellants, submitted a brief; *Mr. Cheadle* argued the cause orally.

*Mr. B. P. Berger* and *Mr. C. W. Buntin,* for Respondent, submitted a brief; *Mr. Buntin* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Plaintiff brought this action to recover a balance of $1,290.45 alleged to be due on two promissory notes executed by defendants on July 19, 1913, with interest at the rate of ten per cent per annum from November 11, 1914, the date of the last payment, together with a reasonable attorney's fee to be allowed as costs. The defenses interposed were a general denial of all the material allegations of the complaint, and three several counterclaims amounting in the aggregate to $1,089.07, upon which defendants claimed interest at the rate of eight per cent per annum from the respective dates at which it is alleged the several amounts became due. A trial to a jury of the issues framed by the complaint, amended answer and plaintiff's reply resulted in a judgment for plaintiff for $567.22, with costs, including an attorney's fee, taxed at $371. Thereafter the plaintiff moved

for a new trial, alleging all the statutory grounds. From a general order granting the motion, defendants have appealed.

Counsel for defendants, assuming that the trial court granted the order on the ground that the evidence was insufficient to justify the verdict, have devoted their entire argument to an attempt to show that it was guilty of an abuse of discretion. After a careful reading of the somewhat voluminous evidence, we conclude that the argument is without merit. There was no substantial controversy that defendants were indebted to plaintiff in the full amount of the balance due on the two notes, less the items, with interest, which defendants could show they were entitled to recover under their counterclaims. Neither was there any controversy that defendants were entitled to recover the amount of their third counterclaim, with interest from July 19, 1913, the date at which it became due. This amount was $17.10. Therefore the questions at issue in the evidence to be resolved by the jury were, what amounts, if any, defendants were entitled to recover under the first and second counterclaims. The two principal items—$200 each—composing the first counterclaim, without allowance of one or both of which [1] the jury could not have found a verdict in the amount they did, were claims for commissions earned on two sales of machinery by defendant R. E. Hamilton under a dealer's contract with the plaintiff; a half interest therein having been assigned by him to his codefendant. A copy of the contract introduced in evidence disclosed that under its terms the earned commissions were not to become due and payable until the purchasers of machinery should have paid the purchase price, and that the price under neither sale had been paid except a part of the second; the amount of this, however, not being shown. The burden was upon defendants, not only to show payment by the purchasers, but also the amount of each payment, before they were entitled to recover any part of these items. There is no evidence in the record on this subject.

Other small items of commissions on sales of extras and supply parts of machinery sold, amounting to $36.50, fall in

the same class as the two principal items. There is no evidence showing that the extras and supply parts had been paid for.

Several other small items aggregating $18.10, for expenses incurred in connection with machinery sold, apparently fall within the provisions of the dealer's contract, and were not a proper charge against the plaintiff.

The defendant R. E. Hamilton executed the dealer's agreement on August 27, 1912. The two remaining items are a charge for services alleged to have been performed for plaintiff by Hamilton at different times from July 1 to November 10, 1912, amounting to $348, and a charge for expenses for engineer's services paid for by Hamilton at different times from August 23 to September 23, 1912, amounting to $105. Under the terms of the dealer's agreement, Hamilton was not entitled to charge plaintiff for any services in setting up and adjusting machinery or fitting attachments, *etc.* Therefore, for the services rendered by Hamilton after August 27, he was apparently not entitled to make any charge. In any event, the burden was upon him to show that such services were rendered under a special agreement and not under the dealer's agreement. Besides, the evidence was in conflict as to the extent and value of the services. These remarks apply also to the expenses incurred for [2] engineer's services. Furthermore, all these services were performed and expenses incurred during the year 1912. The notes upon which the plaintiff seeks recovery were executed nearly a year afterward. The presumption obtains that defendants would not have executed these notes while the plaintiff was indebted to R. E. Hamilton in such a substantial sum as is represented by the items included in this counterclaim. This presumption is a rebuttable one, but it cast the burden upon the defendants, and we do not find any evidence in the record which tends in any measure to rebut it.

The second counterclaim alleged as a ground for recovery that during the year 1912 the plaintiff had accepted from Hamilton orders for money drawn by him on persons for whom he had threshed grain during the threshing season for that year, to the

amount of $162.32, under an agreement that plaintiff would credit them upon an account due from Hamilton to plaintiff, but that plaintiff had failed and refused to give him credit. It was alleged that he had assigned a half interest in these claims to his codefendant. The evidence discloses that these orders had been accepted merely as collateral security with the right to collect them, but that no credit was to be given for them until they should be collected. It is disclosed further that only $43.62 of the amount had been collected, for which credit had been given. It thus conclusively appears that defendants were not entitled to recover anything on this counterclaim.

This brief synopsis is sufficient to show that the court was not [3] guilty of abuse of discretion in granting the motion, but that plaintiff was entitled to a new trial as a matter of right.

The order is affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY concurs.